UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Afi A., | Civ No. 26-141 (PAM/JFD) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration & Customs Enforcement; Daren Margolin, Acting Director for Executive Office for Immigration Review; Executive Office for Immigration Review; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; | |
| Respondents. | |

This matter is before the Court on Petitioner Afi A.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Afi A. is a citizen of Togo. (Id. ¶¶ 23, 36.) In November 2023, she entered the United States.[1] (Id. ¶ 37, Ex. A at 1.) United States Border Patrol agents

---

[1] Petitioner states that she entered the United States on or about November 18, 2023. However, Department of Homeland Security records that she submitted indicate that she entered on November 5, 2023. (See, e.g., Pet. Ex. A at 1.) This discrepancy does not bear on the Petition's outcome.

apprehended Petitioner in San Diego, California, issuing her a Notice to Appear in immigration court. (Id. ¶ 38, Ex. A at 2, 5.) Border Patrol then released her on an Order of Release under her own recognizance. (Id. ¶ 37, Ex. A at 4.)

On January 8, 2026, Respondents detained Petitioner, and she remains in Respondents' custody. (Id. ¶¶ 41, 44.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order her immediate release or grant her an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that her detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

Relevant here, the Immigration and Nationality Act ("INA") creates a framework that controls the regulation of aliens, including their civil detention pending removal. Before 1996, the INA focused on the alien's physical entry into the country. In 1996, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), which amended the INA's framework to center on whether an alien has been lawfully admitted. See Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 223 (BIA 2025). Thus, under the new framework, "applicants for admission" defines both aliens at the border and any alien "present in the United States" without lawful authorization. See 8 U.S.C. § 1225(a). "Now, in removal proceedings, the relevant distinction for procedural purposes is whether the immigrant has been lawfully admitted, regardless of actual physical presence." Torres v. Barr, 976 F.3d 918, 928 (9th Cir. 2020). Put differently, the IIRIRA

undid the backwards requirement that aliens who presented at a port of entry had to be detained, while those who entered illegally without trying to prove their basis for admission to the country were not detained.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that she did not lawfully enter the United States, i.e., an immigration officer did not inspect her and authorize her entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute.

"What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner argues that § 1225 applies only to aliens "seeking admission" at the United States' border, and because she has lived in the United States for some time, she is not "seeking admission." Indeed, many courts agree with Petitioner's interpretation of § 1225(b)(2)(A). However, the Court determines that the growing minority of district courts to reject Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that an alien who is an "applicant for admission" is necessarily "seeking admission." Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law." Matter of Lemus-Losa, 25 I & N. Dec. 734, 743 n.6 (BIA 2012).

Petitioner's attempt to distinguish an "applicant for admission" from an alien "seeking admission" lacks merit. See Vargas Lopez v. Trump, No. 8:25CV526, 2025 WL 2780351, (D. Neb. Sept. 30, 2025), at *9 (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Petitioner fails to provide evidence that

4

she has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)(A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because she is present in this country and has not been admitted. Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

To the extent that Petitioner argues that she cannot be detained under § 1225 because she was previously released under an Order of Release on Recognizance indicating that Respondents derived their authority under § 1226, that argument fails. The statute contains no such restriction. Section 1226(a) authorizes the Attorney General to arrest or detain any alien pending removal proceedings but provides that the Attorney General also "may release the alien" on bond or conditional parole. Nowhere does § 1226 mandate that an alien released under § 1226 must be re-arrested pursuant to § 1226. Rather, "[s]ection 1226 provides that if the government exercises discretion to release an alien, pursuant to § 1226(a), the government 'at any time may' decide to 'rearrest the alien under the original warrant.'" Chen, 2025 WL 3484855, at *8. Moreover, Petitioner does not claim to have been arrested "on a warrant issued by the Attorney General." Petitioner's argument fails.

Petitioner argues that Respondents' previous interpretation of the INA is the better course for the Court to follow. But past practice does not eclipse statutory language. In July 2025, DHS issued a memorandum requiring that all "applicants for admission" be detained under § 1225(b)(2) during removal proceedings, a position that the Board of Immigration Appeals later adopted in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA

5

2025). See Memorandum from Rodney S. Scott, U.S. Customs & Border Protection, Detention of Applicants for Admission (July 10, 2025). Petitioner claims that supports her view, because the Court need not afford weight to the agency's decision given that Loper Bright significantly curtailed judicial deference to administrative actions. See Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412–13 (2024). However, Petitioner provides no authority or history to support her argument that the agency's previous pattern was superior, and "[i]f there was a documented prior rationale, the Court has not seen it." Rojas v. Olson, No. 25-CV-1437-BHL, 2025 WL 3033967, at *9 (E.D. Wis. Oct. 30, 2025). Moreover, "it is well established that the Executive Branch has broad discretion to make enforcement decisions in 'the immigration context.'" Chen, 2025 WL 3484855, at *7 (quoting United States v. Texas, 599 U.S. 670, 679 (2023)).

Although Petitioner contends that Jennings supports her view, the better reading of Jennings supports Respondents' argument. The Court determines that Jennings cannot be read so broadly as to mean that aliens who have been in the country for an extended length of time must necessarily fall under § 1226(a). See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). Jennings explains that § 1225(b)(2) is a "catchall provision," applying to all "applicants for admission," including those who unlawfully entered the country and are therefore "deemed" applicants for admission under § 1225(a)(1)'s definition. Id. at 287. As established, Petitioner is an applicant for admission. Neither Petitioner nor Respondents argue that she qualifies for expedited removal under § 1225(b)(1). "So if the Supreme Court's reference to 'all applicants … not covered by § 1225(b)(1)' in fact means what it says, then [Petitioner] necessarily falls under the 'catchall provision.'" Coronado

6

v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *9 (S.D. Ohio Dec. 15, 2025) (quoting Jennings, 583 U.S. at 287). Indeed, "[r]ead most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until certain proceedings have concluded." Mejia Olalde, 2025 WL 3131942, at *2 (quoting Jennings, 583 U.S. at 297).

Finally, Petitioner argues that Respondents' interpretation would create superfluity, because applying § 1225(b)(2) to aliens in her position would render the 2025 amendment to § 1226, the Laken Riley Act, Pub. L. No. 119-1, Sec. 2, 139 Stat. 3 (2025), redundant. "As the Supreme Court has explained, when confronted with a choice between an interpretation that honors a statute's plain meaning but produces surplusage, and an interpretation that ignores the plain meaning but avoids surplusage, there is no choice at all—the plain meaning must control." Artola v. Garland, 996 F.3d 840, 844 (8th Cir. 2021). Decades after the IIRIRA was enacted, Congress passed the Laken Riley Act to empower the Attorney General to detain certain criminal aliens, "remov[ing] the Attorney General's detention discretion for aliens charged with specific—but not all—crimes." Chavez, 801 F. Supp. 3d at 1141. Thus, it is reasonable that § 1226(c) would cover a large category of aliens, including those also covered under § 1225(b)(2). Fear of redundancy does not carry the day. The statute's plain meaning prevails.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 23, 2026</u>                                                       <u>*s/ Paul A. Magnuson*          </u>
Paul A. Magnuson
United States District Court Judge